UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No:  09-20536-03

v.

ROLANDO DEMYERS

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I

conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

 X     (1)     The Government moved for detention at the Defendant's first appearance

pursuant to:

          X     18 U.S.C. § 3142(f)(1).

          __     18 U.S.C. § 3142(f)(2).

__     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18

          U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C.**

**§3142(e)(2))**

__     (1)     The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1),

          and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or

          comparable state or local offense.

__     (2)     The offense described in finding was committed while the Defendant was on

          release pending trial for a federal, state or local offense.

__ (3)    A period of less than five years has elapsed since

        __    the date of conviction, **or**

        __    the Defendant's release from prison for the offense described in finding (B)(1).

__ (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

## C.     Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))

There is probable cause to believe that the Defendant has committed an offense:

<u>X</u>    for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)[1], **or**

__    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

__    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

__    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

__    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

## D.     Findings Pursuant to 18 U.S.C. § 3142(f)(2)

__ (1)    There is a serious risk that the Defendant will not appear.

__ (2)    There is a serious risk that the Defendant will endanger the safety of another person or the community.

## Part II - Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes:

---

[1]Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

___ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

___ by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

_X_ both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection § 3142(g). At the threshold, I note that Defendant faces a mandatory minimum 10 years' incarceration as to Count 1 of the Indictment, along with the possibility of life imprisonment, without release. He is also charged in seven other counts, which, if he were sentenced to the maximum penalty on each, would total an additional 140 years of incarceration.

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack and powder cocaine. I further find, from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 23 years of age. He stated to Pretrial Services that he was born and raised in St. Louis, Missouri. The Pretrial Services report indicates a number of relatives living in the St. Louis area. Defendant

conceded to Pretrial Services that he is homeless and currently has no place to live. Defendant stated that he is unemployed and that his last job was working for a cleaning service for a six-month period in 2009.

In 2004, Defendant was charged with first-degree felony tampering with a motor vehicle in St. Louis.  The Government represents that, at that time, Defendant was also charged with felony resisting arrest.  In August 2005, he was sentenced to three years' confinement on the felony tampering charge, and the Government represents that this custodial sentence also applied to the conviction for felony resisting arrest.  Defendant was released on parole but was ultimately incarcerated again for alleged parole violations arising out of new arrests for felony crimes.

The Government represents that during the investigation that led to this Indictment, Defendant was observed possessing firearms, even though he is a convicted felon.  The Government also represents that Title II wiretap evidence indicates that Defendant participated in an assault during which he appeared to have the intent to do great bodily harm and potentially murder.  During the consideration of search warrant affidavits, the Court read partial transcripts of the conversation alluded to by the Assistant United States Attorney, and I find that he has accurately characterized these statements.

The Title II materials also indicate a consistent pattern of participation in drug dealing. At least seven circuits and a number of district courts all have held that continued drug dealing constitutes a danger to the community.  *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4,

2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

Counsel for Defendant proposed a third-party custodian whose name is listed in the Pretrial Services report, however, the Government responded that this individual is presently in jail, having been recently arrested on charges of possession of crack cocaine.

The Court therefore concludes, based on Defendant's lack of any meaningful ties to this area, his prior criminal history and his propensity for violence, that the presumption in favor of detention has not been rebutted on the evidence presented.  I further conclude that even if it had been, I am entirely unable to craft any conditions or any combination of conditions which would reasonably assure the safety of the community or Defendant's appearance as required.  Accordingly, the motion to detain is **GRANTED.**

## Part III - Directions Regarding Detention

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ Charles E. Binder
CHARLES E. BINDER
United States Magistrate Judge

Dated: November 17, 2009

**<u>CERTIFICATION</u>**

I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Barbara Klimaszewski, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: November 17, 2009            By____s/*Jean L. Broucek*_____
                                                  Case Manager to Magistrate Judge Binder