# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ROLANDO DEMYERS,

    *Petitioner,*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

_____/

CRIM. CASE NO: 1:09-cr-20536
CIVIL CASE NO: 1:17-cv-10300
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(Doc. 824)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (Doc. 824) be **DENIED.**

## II. REPORT

On August 5, 2010, Petitioner was charged in a second superseding indictment with conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1)(Count 1), conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1)(Count 2), conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1)(Count 3), distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1)(Counts 13-17, 51), and forfeiture allegations were made (Count 58). (Doc. 182.) Petitioner was detained pending trial. (Doc. 75.) On January 24, 2012, an information was filed, charging Petitioner with one count of conpsiracy to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1).

(Doc. 506.) Petitioner waived indictment and pleaded guilty to the soel count of the information on January 24, 2012. (Doc. 512.)

Petitioner was sentenced on July 24, 2012, and judgment entered on July 26, 2012, committing Petitioner to the Bureau of Prisons for 168 months. (Doc. 642 at 2.) On January 30, 2017, Petitioner filed the instant motion to vacate sentence. (Doc. 824.) Respondent responded on February 27, 2017. (Doc. 830.)

Petitioner's sole argument for relief is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 824 at 4, 37-38.)

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *accord*, *In Re Watkins*, 810 F.3d 375, (6th Cir. 2015).

The Sixth Circuit held that since the United States Sentencing Guidelines (USSG) § 4B1.2 also contains a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016). In this case, Petitioner was not sentenced as an armed career criminal nor was his sentence enhanced for being a career offender. (Doc. 512 at 16.) Therefore, the *Johnson* analysis does not apply. Even if Petitioner had been treated as a career offender under the guidelines based on prior violent felony convictions, the United States Supreme Court in *Beckles*

*v. United States*, 137 S. Ct. 886 (Mar. 6, 2017), abrogated *Pawlak* and held that the sentencing guidelines are not subject to a void-for-vagueness challenge. Therefore, the residual clause of the career offender sentencing guidelines remains viable and any claims challenging the guideline must fail.

As noted by Respondent, Petitioner appears to be confused in thinking that application of a completely different guideline section, USSG § 2D1.1, was somehow affected by *Johnson*; however, this guideline section has no residual clause to challenge. Instead, this guideline section allows for enhancement for possessing a firearm or other dangerous weapon during the commission of the underlying crime. Therefore, *Johnson* can have no affect on the validity of this guideline section. *United States v. Beckham*, No. 0:10-1212-CMC, 2016 WL 3941021, at *2 (D.S.C. July 21, 2016.)

Accordingly, I recommend that Petitioner's motion to vacate be denied.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*,

931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 1, 2017                    S/ PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Rolando Demyers #42445-039 at Oxford Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Oxford, WI 53952.

Date: June 1, 2017                    By s/Kristen Castaneda
                                      Case Manager