UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff/ Respondent,         Case No. 09-cr-20536

v                                                         Honorable Thomas L. Ludington

D-3  ROLANDO DEMYERS,

          Defendant/ Petitioner.

_____/

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, DENYING
PETITIONER'S MOTION TO VACATE SENTENCE,
DENYING CERTIFICATE OF APPEALABILTIY,
<u>AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

On January 24, 2012, Petitioner Rolando Demyers pleaded guilty to one count of conspiring to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). *See* ECF No. 512. On July 24, 2012 he was sentenced to 168 months' imprisonment. Judgment was entered on July 26, 2012, and Demyers did not file any direct appeal. *See* ECF No. 642. However, his sentence was subsequently reduced to 135 months' imprisonment after the Court granted his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u). *See* ECF No. 766.

On January 30, 2017, Petitioner Demyers filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence was rendered unconstitutional by the Supreme Court's decision *Johnson v. United States,* 135 S. Ct. 2551, 2562, 192 L. Ed. 2d 569 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague in violation of the due process clause of the Fifth Amendment). *See* ECF No. 26. Demyer's motion was referred to Magistrate Judge Patricia T. Morris. *See* ECF No. 826. On June 1, 2017

the magistrate judge issued her report, recommending that Demyer's motion to vacate be denied. *See* ECF No. 833. The magistrate judge based her recommendation on the Supreme Court's decision in *Beckles v. United States*, in which the court held that the sentencing guidelines are not subject to void for vagueness challenges under the Fifth Amendment Due Process clause. *See Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017). In other words, the Supreme Court definitively held that petitioners challenging their career offender status under the sentencing guidelines could not rely on the rule articulated in *Johnson*.

Although the magistrate judge's report explicitly states that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, neither party has filed any objections. The election not to file objections to the magistrate judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal. As such, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 833, is **ADOPTED**.

It is further **ORDERED** that Petitioner Demyer's motion to vacate his sentence, ECF No. 824, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 5, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 5, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager